UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SHERWOOD ARISTIDE                                    Index No.:

                              Plaintiff,          **COMPLAINT**

       *-against-*

                                         PLAINTIFF DEMANDS TRIAL
                                         BY JURY

THE CITY OF NEW YORK,
POLICE OFFICER JOHN DOE,
POLICE OFFICER JANE DOE,
POLICE OFFICER JOHN DOE #2

                              Defendants.
------------------------------------------------------------X

      Plaintiff, SHERWOOD ARISTIDE, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, the CITY OF NEW YORK, POLICE OFFICER JOHN DOE, POLICE OFFICER JANE DOE, and POLICE OFFICER JOHN DOE #2, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff, SHERWOOD ARISTIDE, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the incident underlying this suit occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is a United States citizen of full age and a resident of New York City.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the Defendant Police Officer.

7. Defendant POLICE OFFICER JOHN DOE was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant JOHN DOE acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in

conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8.     Defendant POLICE OFFICER JANE DOE was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant JANE DOE acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of her duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in here by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of her lawful functions in the course of her duty. She is sued individually and in her official capacity.

9.     Defendant POLICE OFFICER JOHN DOE #2 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant JOHN DOE #2 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

10.     On or about July 1, 2017 at approximately one A.M. plaintiff was at a social function in a private house in the vicinity of East 89th Street and Avenue J in Brooklyn when he was approached by a friend and asked for marijuana.

11.     Plaintiff's friend said that he was trying to get some marijuana for defendants John Doe and Jane Doe, a couple that he had befriended.

12.     Upon information and belief, this couple was actually a team of undercover police officers working for the Brooklyn South Vice Enforcement Division, though this was unbeknownst to plaintiff, who responded that he didn't have any marijuana to sell and that he didn't know anyone who did.

13.     Plaintiff's friend then went off only to later return with a third individual who sold marijuana to the couple.

14.     A short while later police arrived at the party and arrested plaintiff's friend and the third individual but not the couple or plaintiff.

15.     When plaintiff asked the police why they were arresting his friend but not the couple the police told him at first to remain on the scene and then to leave.

16.     Plaintiff left the event alone and on foot headed towards Flatlands Avenue.

17.     When he reached Flatlands Avenue plaintiff saw the same couple that had earlier asked his friend for marijuana.

18.     He approached the couple and asked them why his friend was under arrest but they were not?

19.     They denied any knowledge of why the police had let them leave.

20.     Plaintiff began to question them more and then suddenly police officers emerged, including police officer JOHN DOE #2 who immediately placed plaintiff in handcuffs.

21.     Plaintiff was taken to an unmarked police vehicle and held there for some time.

22.     From there plaintiff was transported to the 69th precinct of the NYPD where he remained for approximately two hours.

23.     From the 69th precinct plaintiff was transferred to Central Booking where he was held for an additional sixteen hours before he was informed by a police officer that he was free to go. Plaintiff was brought to a side door at Central Booking and released.

24.     Plaintiff was never brought before the Court, formally charged or arraigned.

25.     This was plaintiff's first and only arrest.

### AS FOR A FIRST CAUSE OF ACTION

### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

26.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

27.     At all times during the events described above defendants lacked probable cause to arrest plaintiff.

28.     At all times during the events described above defendants lacked probable cause to charge Plaintiff with criminal conduct.

29.     All of the aforementioned acts of the defendants were carried out under the color of state law.

30.     The defendant officers each had an opportunity to intervene and put a stop to the illegal and unconstitutional acts of their fellow officers and each of the defendants failed to do so.

31.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

32.     The acts complained of were carried out by the defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

33.     The acts complained of deprived plaintiff of his rights:

      A.  To be free from false arrest;

      B.  To be free from deprivation of liberty without due process of law; and

      C.  To receive equal protection under the law.

<strong><u>AS FOR A SECOND CAUSE OF ACTION</u></strong>

<strong>MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK</strong>

34.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

35.     The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the defendant police officers. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

36.     At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a group of police officers to arbitrarily and falsely arrest a member of the public without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

37.     At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage unconstitutional behavior of the sort described in this complaint.

38.     As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

39.     The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.


**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.


Dated: 07/26/2017
          Brooklyn, NY

                                        By:        */s/Alexis G. Padilla*
                                                Alexis G. Padilla, Esq. [AP7400]
                                                *Attorney for Plaintiff*
                                                *Sherwood Aristide*
                                                575 Decatur Street #3
                                                Brooklyn, NY 11233
                                                (917) 238-2993
                                                Alexpadilla722@gmail.com