UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
  :
SHERWOOD ARISTIDE,  :   **MEMORANDUM**
  :   **DECISION AND ORDER**
        Plaintiff,  :
  :   17-cv-4422 (BMC)
     - against -  :
  :
THE CITY OF NEW YORK, POLICE  :
OFFICER JOHN DOE, POLICE OFFICER  :
JANE DOE, POLICE OFFICER JOHN DOE #2,  :
  :
        Defendants.  :
-------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff brings this action under 42 U.S.C. § 1983 against the City of New York and

three John Doe police officers, alleging that the officers falsely arrested him. Defendant City of

New York has moved for summary judgment on the grounds that plaintiff's arrest was supported

by probable cause and that, even absent probable cause, the defendant officers are entitled to

qualified immunity because reasonable officers could disagree about whether the probable-cause

standard was met under these circumstances. I agree, and therefore grant the motion.

## BACKGROUND

The material facts are undisputed. Plaintiff attended a party on the evening of June 30,

2017 in Brooklyn. While at the party, plaintiff saw a couple (a man and a woman, appearing to

be together) approach his friend and ask him if he could help them buy some marijuana.

Plaintiff's friend eventually introduced the couple to a third person (whom plaintiff did not

know), and plaintiff saw the couple purchase marijuana from this third person.

Although plaintiff did not know it at the time, the couple were in fact two undercover police officers. After the undercover officers purchased the marijuana, uniformed police officers entered the party and arrested the marijuana seller and plaintiff's friend and removed them from the party. Police then instructed the rest of the approximately 50 party attendees, including plaintiff, to leave the house.

After plaintiff exited the house, he approached the couple (who were standing outside) and asked them why they were not being arrested as well. Specifically, he said to the couple: "Wait a minute guys! Now my boy is getting arrested after you took a selfie and you brought a bud, y'all were the only ones he was dealing with." While plaintiff made this statement, one of the undercover officers noticed people looking at them.

Uniformed police then approached plaintiff and first told him to remain on the scene, and then told him to leave. Plaintiff complied, and began walking away from the house toward Flatlands Avenue. The undercover officers also left the scene and walked in the same direction.

When plaintiff reached Flatlands Avenue, about 300 hundred feet away from the party house, he encountered the couple again. He approached them and voiced aloud his suspicion that they were undercover police officers. An officer then arrested plaintiff for obstructing governmental administration under New York Penal Law § 195.05 ("OGA"). Plaintiff was taken to a precinct and then to Central Booking, but was eventually released and was never formally charged.

## DISCUSSION

Under Federal Rule of Civil Procedure 56, the court must grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. To establish a claim for false arrest under § 1983 (as

under New York law), a plaintiff must show that: (1) defendant intended to confine him; (2) plaintiff was conscious of the confinement; (3) plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged.  See Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995).  Probable cause to arrest the plaintiff is a complete defense to a false-arrest claim.  See Covington v. City of N.Y., 171 F.3d 117, 122 (2d Cir. 1999).  Probable cause exists where the officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime."  Id. (quoting Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)).

### A.   Cases construing the OGA statute

Defendant argues that the arresting officer[1] had probable cause to arrest plaintiff for obstructing governmental administration:

> A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents *or attempts to prevent* a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act . . . .

N.Y. Penal Law § 195.05 (McKinney) (emphasis added).

New York courts have interpreted Penal Law § 195.05 to require an interference that is, "in part at least, physical in nature."  People v. Case, 42 N.Y.2d 98, 102, 396 N.Y.S.2d 841, 844 (1977).  However, words or actions need not involve physical force to be "physical in nature."  See In re Davan L., 91 N.Y.2d 88, 91, 666 N.Y.S.2d 1015, 1017 (1997).

---

[1] Although plaintiff made the statements at issue here to the pair of undercover officers, rather than to the arresting officer, under the collective knowledge doctrine, the information known to one officer may be imputed to all other officers participating in the same investigation.  See United States v. Colon, 250 F.3d 130, 135 (2d Cir. 2001).

In Davan L., the New York Court of Appeals upheld a conviction under the statute where a boy riding a bicycle happened upon police conducting an undercover narcotics operation outside a storefront, and, after the police identified themselves and told the boy to depart in the opposite direction, pedaled past the front of the store yelling "cops, cops . . . watch out, Five-0, police are coming." The Court of Appeals emphasized that the defendant had specific, direct notice of the defined area of police activity, and that, after being put on notice, he intentionally intruded into that area.

The First Department subsequently opined that an individual could be guilty of OGA even if the police did not direct a specific warning at an individual for that individual, if the individual was on notice of the police activity. See People v. Covington, 18 A.D.3d 65, 71, 793 N.Y.S.2d 384, 389 (1st Dep't 2005). There, the fact that a "SWAT team" was outside an apartment building meant there was sufficient evidence to convict a defendant who shouted into that building that police were coming.

In addition, repeatedly ignoring an officer's orders to stay away from the scene of an arrest or to stay in a certain place can also amount to obstructing governmental administration. People v. Romeo, 9 A.D.3d 744, 744-45, 779 N.Y.S.2d 860, 861-62 (3d Dep't 2004); see also Rasmussen v. City of N.Y., 766 F. Supp. 2d 399, 403-04 (E.D.N.Y. 2011) (finding probable cause to arrest for obstruction based on plaintiff's attempts to reenter a room where an arrest was taking place after police threw her out); Husbands ex rel. Forde v. City of N.Y., No. 05-cv-9252, 2007 WL 2454106, *2, *13 (S.D.N.Y. Aug. 16, 2007) (stating that plaintiff's refusal to comply with police orders to step back from a person being arrested and to lie down "constituted inappropriate and disruptive conduct that allowed defendants to arrest her under this statute," and concluding that, "at a minimum," defendants had arguable probable cause to arrest plaintiff for

obstruction). In O'Donnell v. Card, No. 11 CIV. 3297, 2013 WL 3929632 (S.D.N.Y. July 30, 2013), the court concluded that an officer had probable cause to arrest a woman for violating Penal Law § 195.05 after she retrieved the officer's pepper-spray can from the street (after he used and discarded it while arresting her husband), and placed it in a flower bed, because it was reasonable for the officer to think that, by removing the pepper spray, she was attempting to prevent him from using it on her husband. This was true even though the officer only found out that the pepper-spray can had been moved after the husband had been subdued.

### B. Probable Cause

Defendant argues that the officer had probable cause to arrest plaintiff because when police broke up the party and arrested his friend, plaintiff, like the defendants in Davan L. and Covington, was put on notice that a police operation was ongoing. Its position is that the undercover officers could have reasonably construed plaintiff's comments to them outside the party and on Flatlands Avenue as an attempted or actual intentional interference.

Plaintiff responds that the officers lacked probable cause because words alone are not a physical force or interference necessary to trigger liability for OGA, and plaintiff did not take any actions that interfered with police activity. Plaintiff disputes defendant's reading of Rasmussen and Husbands; plaintiff argues that the language in those cases about "merely approaching the police, or speaking during the course of a police action" was addressing situations where those individuals engaged in obstructive *conduct* by refusing to leave or stay away from an arrest scene. Plaintiff argues that the "merely approaching" language is not applicable here, where, according to the undisputed facts, he followed all police instructions and did not touch or interfere with police property. Plaintiff also argues that none of his conduct could reasonably be construed as an intentional interference because the police should have

known that he did not know that the couple were undercover officers, nor that the zone of police activity extended as far as Flatlands Avenue.

As defendant points out, in Davan L., Covington, and Romeo, the courts upheld *convictions* for OGA. This is important because the issue before me is not whether plaintiff is guilty of OGA. Probable cause only requires that the arresting officer have knowledge of facts and circumstances sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime – a burden much lower than proof beyond a reasonable doubt.

And where, as here, the parameters of the state law at issue are ambiguous, the relevant inquiry is whether the arresting officer's probable-cause determination was based on an objectively reasonable prediction of the law's scope, even if that prediction turns out to be incorrect. See Heien v. North Carolina, 135 S. Ct. 530 (2014). In Heien, the Supreme Court made it clear that an officer's measurement of conduct against the demands of a statute need not "be perfect" and probable cause allows for "mistakes of law." Id. at 536. Applying Heien, the Second Circuit, in United States v. Diaz, 854 F.3d 197 (2d Cir. 2017), found that the caselaw construing the term "public place" in New York City Administrative Code § 10-125(b), the "open container" law, was sufficiently indefinite that even if the arresting officer had misconstrued an apartment building stairwell as a public place, it was an objectively reasonable mistake, and therefore there was probable cause.

The reach of the OGA statute is at least as unclear as the definition of "public place" in the open-container law. The New York Court of Appeals first held that there must be some physical component to the attempted interference. See Case, 42 N.Y.2d at 102, 396 N.Y.S.2d at 844. It then held that language or actions need not involve physical force to satisfy this physical

component.  Davan L., 91 N.Y.2d at 91, 666 N.Y.S.2d at 1017.  The First Department has held that a deliberate attempt to expose a police operation at the scene of the operation, even if entirely verbal, is sufficient to constitute OGA.  Covington, 18 A.D.3d at 71, 793 N.Y.S.2d at 389.  It appears that the caselaw is moving in the direction of liability for attempting the deliberate exposure of a police operation through words alone, as long as there is some risk that the exposure may succeed in undermining the police operation, but New York courts have yet to say so definitively.

It is also unclear how much notice of police activity an individual must have for an officer to conclude that intervention by the individual is intentional interference.  Although the New York Court of Appeals concluded in Davan L. that "specific, direct notice of the defined area of police activity," is sufficient, the Court did not state whether such direct notice is required.  Covington affirmed a conviction where the defendant had indirect, but not direct notice, but what qualifies as indirect notice is still unclear.

New York courts also have not established how physically proximate an individual must be to the police operation for the person's words or conduct to count as an interference.  The two New York Court of Appeals decisions where this factor was discussed found no obstruction where an individual randomly broadcast the location of a radar speed checkpoint via CB radio (Case), but found obstruction where an individual rode his bicycle in front of a store, shouting that the police were coming, when the police had identified the store as the site of an ongoing police operation (Davan L.).  These two decisions leave a significant amount of conduct open for debate.

According to the undisputed facts, the second interaction between the undercover officers and plaintiff occurred on Flatlands Avenue after all three people walked to that street from the

house where the party took place, a mere 300 feet away. None of the relevant cases establish whether an individual who is one minute's walk from the center of the police investigation is too far for his actions to constitute OGA.

Here, the officers were reasonable in concluding that plaintiff's public statements were made with the purpose of compromising the undercovers' ability to act in the neighborhood, and that those statements qualified as an attempted intentional interference. The attempted exposure occurred both at the scene, in front of witnesses, and within a short distance of it. As to his second comment, it was objectively reasonable for the officers to conclude that plaintiff was still close enough to the site of the police operation that his comment was an intentional interference within the meaning of the statute. The officers may have been mistaken about the reach of OGA, but if so, their mistake was not unreasonable.

### C. *Qualified Immunity*

For similar reasons, even if there was not probable cause, the arresting officers would still be entitled to qualified immunity because there was arguable probable cause. "Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." Amore v. Novarro, 624 F.3d 522, 536 (2d Cir. 2010) (citation omitted).

The arguable-probable-cause standard recognizes that "[q]ualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." White v. Pauly, 137 S. Ct. 548, 551 (2017) (internal quotation marks and citation omitted). Put another way, officers have arguable probable cause when it is unclear how a statutory or constitutional right applies in the particular

context based on precedent from the U.S. Supreme Court, the Second Circuit, or the New York Court of Appeals. In that situation, arresting officers will be protected even if the determination of probable cause was incorrect, as long as it was at least debatable by officers of reasonable competence. See Sudler v. City of N.Y., 689 F.3d 159, 176 (2d Cir. 2012).

The Supreme Court has repeatedly warned that "clearly established law" should not be defined at a "high level of generality," but must be particularized to the facts of the case. White, 137 S. Ct. at 552 (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 742 (2011) and Anderson v. Creighton, 483 U.S. 635, 640 (1987)). Particularly in the Fourth Amendment context, where it can be difficult for an officer to determine how the relevant legal doctrine applies to the particular situation before him, the court must define the right at issue "in light of the specific context of the case, not as a broad general proposition." Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) (per curiam) (quoting Brosseau v. Haugen, 543 U.S. 194, 198 (2004) (per curiam)). As has often been noted, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Mullenix, 136 S. Ct. at 308 (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

Because the parameters of Penal Law § 195.05 are not clearly established, and therefore reasonable officers could disagree about whether, under these circumstances, there was probable cause to arrest plaintiff for obstructing governmental administration, the arresting officers had arguable probable cause to arrest plaintiff and defendant officers are therefore entitled to qualified immunity.

The parties' *bona fide* dispute about whether a reasonable officer could have believed that plaintiff violated Penal Law § 195.05 itself indicates that the law is not sufficiently settled to warrant depriving the officers of qualified immunity. The parties hotly debate what a reasonable

officer could have inferred from plaintiff's statements and actions and whether those inferences could have led a reasonable officer to think plaintiff was obstructing. The parties can engage in this vigorous debate because, as discussed above, the parameters of Penal Law § 195.05 in this context have not been clearly established by the New York Court of Appeals or the Second Circuit. There are open questions about whether words exposing a police operation at the scene of the operation, without further conduct, can constitute intentional obstruction, whether the individual must have direct notice of the police operation for that individual's engagement with the police to count as intentional obstruction, and how physically proximate an individual must be for his or her words or conduct to qualify as an obstruction.

Police officers are not expected to be legal scholars. They do not have to parse caselaw at the scene of a suspected crime the way lawyers and judges might in the tranquility of their offices and chambers. Police officers are presumably instructed and updated on the principal authorities that affect the performance of their work, but if the authorities do not squarely answer the question, the officers are not charged with guessing what the next case may or may not hold. "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." Coollick v. Hughes, 699 F.3d 211, 221 (2d Cir. 2012) (citation omitted). There was and is plenty of gray area around the parameters of Penal Law § 195.05. Therefore, the arresting officer had arguable probable cause and the defendant officers are entitled to qualified immunity.

## CONCLUSION

Defendant City of New York's [14] motion for summary judgment is GRANTED.  The

Clerk is directed to enter judgment in favor of defendant, dismissing this case.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       November 30, 2017